FILED
United States Court of Appeals
Tenth Circuit

October 10, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

    Defendants - Appellees.

No. 25-3182
(D.C. No. 2:25-CV-02171-JWB-TJJ)
(D. Kan.)

_____

**ORDER**
_____

    This matter is before the court *sua sponte* following the opening of this appeal and a review of the district court docket. That review has revealed a potential defect in this court's jurisdiction. Accordingly, the court is considering this matter for summary disposition. 10th Cir. R. 27.3(B).

    In her notice of appeal, Ms. Lawson identifies the district court's October 9, 2025, order as the subject of her interlocutory appeal. The district court's October 9, 2025, order granted the Defendant AG's Office's motion to dismiss, and granted in part and took under advisement in part the DCF Defendants' motion to dismiss. The order then directed Ms. Lawson to file an amended complaint on or before October 30, 2025.

    Generally, this court's jurisdiction is limited to appeals from final orders. *See* 28 U.S.C. § 1291. "[A] 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v.*

*Cent. Pension Fund*, 134 S. Ct. 773, 779 (2014) (citation omitted). In other words, "[a] final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted).

Here, the district court's October 9, 2025, order did not end the litigation on the merits, nor at all, and the case remains pending before the district court. The district court explicitly instructed Ms. Lawson to file an amended complaint, rather than dismissing the action as a whole. *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008). The order was not a final order; rather, it set the stage for further proceedings. *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017) ("An order that . . . sets the stage for further trial court proceedings is not final.").

Accordingly, **within 21 days of the date of this order**, Appellant shall file a written response addressing only this issue and why this appeal should not be dismissed for lack of jurisdiction. Any response must be no longer than 5200 words in length or 20 pages, *see* 10th Cir. R. 27.3(B)(3), and should address only the jurisdictional issue outlined above and not the merits of Ms. Lawson's appeal. In the alternative, Appellant may (1) voluntarily dismiss the appeal, *see* Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which case the court will dismiss the appeal without further notice for lack of prosecution, *see* 10th Cir. R. 42.1.

On or before November 10, Ms. Lawson must enter an appearance in this appeal or cause counsel to enter an appearance on her behalf, *see* 10th Cir. R. 46.1(A).

Finally, briefing on the merits of this appeal is SUSPENDED pending further written order of this court. *See* 10th Cir. R. 27.3(C).

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk