IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

No. 25-3182

ANGELIINA LYNN LAWSON,

Plaintiff–Appellant,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES;

KANSAS ATTORNEY GENERAL'S OFFICE;

AMANDA MIRANDA;

HEATHER DUNZ,

Defendants–Appellees.

(Appealed from 2:25-cv- 02171)

APPELLANT'S RESPONSE TO JURISDICTIONAL QUESTION

I. Introduction

The Court directed Appellant to explain the basis for appellate jurisdiction after the district court entered its October 9, 2025 Memorandum and Order (Dkt. 48) that (1) dismissed all claims against the Kansas Attorney General's Office and Kansas DCF, (2) denied Appellant's Rule 55(b)(2) default motions and related filings as "moot," and (3) required an amended complaint by October 30, 2025 as to the two individual defendants whose motions were taken under

advisement. The appeal was noticed on October 9, 2025 and docketed in this Tenth Circuit Court on October 10, 2025.

Appellate jurisdiction lies under 28 U.S.C. § 1291 because the order finally disposed of all claims against two sovereign/state-agency defendants (AG's Office and DCF) and conclusively denied fully briefed default relief; alternatively, jurisdiction lies under the collateral-order doctrine (*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)) because the order conclusively resolved issues separate from the merits (sovereign immunity and the refusal to afford mandated Rule 55 procedures) that will be effectively unreviewable if not addressed now given the court-imposed stay and record-spoliation context. See Appellant's Motion to Show Cause and Motion to Certify Interlocutory Appeal detailing the procedural paralysis and prejudice.

The subsequent disqualification and judicial-notice filings underscore that the October 9 Order was a **final, retaliatory disposition** by biased judges who had already prejudged Appellant's ethics complaint; thus, no further fair adjudication was possible below.

II.  Statement of Appellate Jurisdiction

1. Statute and timeliness. Appellant invokes 28 U.S.C. § 1291. The district court entered the challenged Memorandum and Order on Oct. 9, 2025 (Dkt. 48); Appellant filed her Notice of Interlocutory Appeal on Oct. 9, 2025 (Dkt. 49) well within FRAP 4(a)(1)(A)'s 30-day deadline. The District of Kansas docket reflects both the entry of the order, the notice of appeal, and this Court's docketing of the appeal (No. 25-3182).

2

2. Final decision as to two defendants and conclusive denial of default remedies. The Oct. 9 order:

   a) Granted the AG's Eleventh Amendment motion to dismiss and dismissed KDCF (state agency), terminating them as parties;

   b) Denied as moot Appellant's Rule 55(b)(2) default motions (Dkts. 34, 42) and related filings despite proof of timely service on the AG (USM-285 Dkt. 38); and

   c) Required an amended complaint as to two individual defendants whose motions were "taken under advisement."

   The order therefore fully resolved all claims against the two principal state-agency defendants and conclusively disposed of Appellant's fully briefed default-judgment requests relief that cannot be re-raised later without prejudicing rights that had already ripened. See also Appellant's Formal Objection summarizing these effects.

3. Jurisdiction alternatively lies also under the collateral-order doctrine (*Cohen*, 337 U.S. at 545-47) for the discrete issues that are (a) conclusively determined, (b) separate from the merits, and (c) effectively unreviewable after final judgment in light of the stay, record losses, and extinguished default posture (addressed below). See Motion to Show Cause (detailing 187 days of inaction) and motion to certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Dkt. 45) describing the procedural deadlock.

4. Moreover, the **judicial-defamation and AG-fraud evidence** filed post-dismissal magnifies the collateral harm. Judge Broomes's public disparagement of a pending judicial-misconduct complaint, combined with the AG's admitted default and misrepresentation of KORA "investigations," establishes a **structural denial of**

3

**impartial process and truthful recordkeeping** that is wholly collateral to the merits and immediately reviewable.

III. Procedural Background (Record)

1. Service and Default. The AG's Office was served April 29, 2025 by US Marshall; no answer by the May 20 deadline. Appellant moved for the Clerk's default and for default judgment on June 3 (Dkts. 12 & 13); the AG entered an appearance June 6 (17 days late after deadline passed). AG defaulted. The court denied default on June 10 (Dkt. 18) for want of a return receipt; the USM-285 proof of service was filed Aug. 1 (Dkt. 38) confirming AG service on April 29. AG was still in default. Appellant renewed default (Dkt. 34 and Dkt. 42). All AG's filings would be moot and stricken.

2. Stay and inaction. On July 23–24, 2025, the magistrate judge reset the scheduling conference (Dkts. 35–36), held the conference on July 31, 2025 (minute entry, Dkt. 37). The court's contemporaneous stance on AG service is reflected in the June 10 text order denying default for lack of a returned receipt (Dkt. 18), later undercutted by the USM-285 (Dkt. 38). On August 6, 2025 entered a blanket stay of all discovery and pretrial proceedings with trial by jury demanded, pending rulings on motions to dismiss (Dkt. 40). By that time, the Attorney General's Office had already appeared late and was litigating dismissal while Appellant's default motions (Dkts. 12, 13, 34, 42) and the USM-285 proof of service on the AG (Dkt. 38) were on file. Appellant objected that the AG was arguing the merits before curing service and that a Rule 55(b)(2) hearing was required; she also filed a Notice of ADA access violations contemporaneous with the stay (Dkt. 44), followed by a Motion to Show Cause documenting 187 days of judicial inaction (Dkt. 47). A transcript of the July 31 conference will be

4

requested; pending its filing, Appellant avers that she requested CART accommodation for that proceeding and the request was not granted.[1]

3. Dismissal Order. On Oct. 9, 2025, the court issued Dkt. 48: dismissed the AG's Office and KDCF, denied Appellant's default motions and related filings as "moot," and required amendment by Oct. 30 as to the individual defendants. The court also labeled Appellant's judicial-misconduct complaint "frivolous" showing retaliation was committed against Appellant for filing judicial misconduct complaints

4. Appeal and Objection. Appellant filed the Notice of Appeal on Oct. 9 (Dkt. 49); the appeal was docketed on Oct. 10 (No. 25-3182); Appellant filed her Formal Objection on Oct. 14 (Dkt. 52) to preserve the constitutional and Rule 55 issues.

IV. Post-Dismissal Filings and Judicial-Bias Evidence.

1. Following the October 9 Order, Appellant filed a Motion to Disqualify Judge John W. Broomes and Magistrate Judge Teresa J. James under 28 U.S.C. § 455 (filed Oct 22 2025) documenting that both judges had been the subject of pending judicial-misconduct complaints and that Judge Broomes publicly called those complaints "frivolous" in the dismissal order itself (Dkt. 48). This statement constituted retaliatory defamation of a protected judicial-ethics filing and created a clear appearance of bias.

2. Appellant also filed a Judicial Notice of Attorney General's Coordinated Interference and Evidentiary Suppression (filed Oct 14 2025), establishing that the Kansas Attorney General's Office had (a) defaulted in this federal case, (b) issued false public assurances of "ongoing

---

[1] ^ *Transcript/FRAP 10(c):* Appellant is requesting the July 31, 2025 conference transcript. If unavailable, Appellant will submit a FRAP 10(c) statement describing the CART request and the court's colloquy, serve it on Appellees, and seek settlement and approval in the district court so the record reflects the accommodation denial.

5

investigations" into KORA complaints that county clerks confirm never occurred, and (c) obstructed discovery through months of inaction.

3. These facts are now also incorporated into Appellant's Second Amended Civil RICO Complaint (Case No. 6:25-cv-01179), which identifies the AG's Office as a central enterprise node coordinating judicial obstruction and fraudulent public messaging. Collectively, these filings demonstrate that the denial of default and the blanket stay (Dkt. 40) were not isolated procedural missteps but part of a continuing pattern of retaliation and evidentiary suppression warranting immediate appellate review.

ARGUMENT

V. Jurisdiction exists under § 1291 because the Oct. 9 order finally resolved all claims against two defendants and conclusively denied default relief that had matured.

An order is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, Dkt. 48 terminated the AG's Office and KDCF as defendants and conclusively denied Appellant's fully briefed Rule 55(b)(2) default relief by declaring it "moot," notwithstanding the USM-285 proof that cured the earlier receipt issue. That disposition left nothing further to be done as to those defendants or as to default relief. The district docket confirms the dismissal of those parties and the denial of default motions.

This Court has recognized that partial finality may be appealable in limited settings where a discrete set of claims/parties is fully and conclusively resolved and the remaining proceedings cannot affect the appealed determinations. See, e.g., *Gillespie v. U.S. Steel*, 379 U.S. 148, 152

(1964) (practical approach to finality). The default-denial ruling is likewise a complete and conclusive determination; nothing in the contemplated amendment as to individual defendants could resurrect the extinguished Rule 55 posture against the state-agency defendants. See Appellant's Formal Objection explaining the court's refusal to hold a mandated Rule 55(b)(2) hearing despite ripe default.

VI. Alternatively, the collateral-order doctrine supports jurisdiction because the order conclusively resolved important issues separate from the merits that are effectively unreviewable later.

Under *Cohen*, a small class of orders is immediately appealable if (1) the decision conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits, and (3) is effectively unreviewable on appeal from final judgment. 337 U.S. at 545–47.

- a) Conclusive determinations. The court conclusively decided the AG's sovereign-immunity dismissal and conclusively refused to entertain Appellant's Rule 55(b)(2) default relief, declaring her motions "moot" without a hearing.
- b) Separate from the merits. Whether the court must honor Rule 55(b)(2) procedures (hearing and adjudication) after a defendant fails to timely defend, and whether a sovereign-immunity dismissal can be entered after a default posture has ripened, are procedural/structural determinations, not case-specific merits. See Appellant's Supplemental Brief in Support of Default documenting federal default, repeated KORA neglect paralleling default, and the court's refusal to adjudicate.
- c) Effectively unreviewable later. The district court stayed discovery (Dkt. 40), evidence issues have been raised (spoliation/subpoenas), and the court's denial of a Rule 55

hearing after default matured threatens to be irretrievable if left unreviewed during ongoing proceedings. Appellant's Motion to Show Cause quantified the 187-day inaction, the USM-285 service proof, and the prejudice from delay.

These circumstances satisfy *Cohen's* criteria given the unique interplay between ripened default rights, a complete discovery stay, and dismissal of the state-agency defendants.[2]

The record shows months of judicial inaction, a stay of all discovery while default ripened, and a refusal to hold the required Rule 55(b)(2) hearing despite filed proof of service. See Dkt. 40 (stay); Dkt. 47 (Show Cause); Dkt. 46 (Supplement); Dkt. 48 (dismissal/denials).

## RELIEF REQUESTED

Appellant respectfully requests that the Court:

1. Hold that it has jurisdiction and set a merits briefing schedule;
2. Alternatively, exercise collateral-order jurisdiction over the default/sovereign-immunity/procedural-denial issues;
3. Referral for Oversight Review. Appellant respectfully requests that, should the Court find colorable evidence of misconduct or obstruction by the Kansas Attorney General's Office, the Court transmit this opinion and record to the Kansas Legislative Post Audit Committee and the Kansas Governmental Ethics Commission for consideration of

---

[2] ^ See Plaintiff's *Judicial Notice of Attorney General's Coordinated Interference and Evidentiary Suppression* (D. Kan. Dkt. 54, Oct 24 2025) and *Motion to Disqualify Judges Broomes and James* (D. Kan. Dkt. 53, Oct 22 2025). These filings document the Attorney General's fraudulent public representations of "active investigations" that never reached the relevant counties and the judges' public defamation of Plaintiff's pending ethics complaint—facts now pleaded as predicate acts in *Second Amended Civil RICO Complaint, Lawson v. Godderz et al.*, 6:25-cv-01179 (D. Kan. filed Oct 24 2025). Together, they corroborate Appellant's assertion that the denial of default and discovery was not isolated error but part of a coordinated obstruction pattern warranting immediate appellate intervention.

appropriate state-level oversight, and to the U.S. Department of Justice Civil Rights Division for potential investigation under 18 U.S.C. § 1519 and 42 U.S.C. § 12133.

4. And grant such other relief as necessary to protect Appellant from ongoing judicial retaliation and enterprise-level interference with the integrity of federal proceedings.

Respectfully submitted,    Dated: October 27, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I certify that on October 27, 2025, I filed the foregoing via CM/ECF, which will serve all registered counsel, including: Bradley E. Avery (Kansas AG's Office) and Marc Altenbernt (KDCF).

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se